UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

SARACINO & SARACINO, L.L.C.
500 Union Boulevard
Totowa, New Jersey 07512
Tel. (973) 595-5500
Fax (973) 595-8880

c/o Bavagnoli & Bavagnoli, Esqs.
12 Furler Street
P.O. Box 147
Totowa, New Jersey 07512
Tel. (973) 785-9522
Fax (973) 785-9229

| | |
|---|---|
| In re: | Case No.: 09-39032-MS |
| | Chapter 7 Proceeding |
| TERESA and GIUSEPPE GIUDICE | Judge: Hon. Morris Stern |
| Debtor. | |
| Joseph Mastropole | ADVERSARY PROCEEDING |
| Plaintiff | CASE NO._____ |
| vs. | |
| Teresa Giudice and Giuseppe Giudice | |
| Defendants. | |

**COMPLAINT TO DETERMINE THAT THE CLAIMS OF CREDITOR, JOSEPH MASTROPOLE, AGAINST THE DEBTORS, TERESA AND GIUSEPPE GIUDICE, ARE NON-DISCHARGEABLE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE**

The Plaintiff, JOSEPH MASTROPOLE, by and through his attorneys, Saracino & Saracino,

L.L.C., c/o Bavagnoli and Bavagnoli, Esqs., by way of Complaint against Debtors, Teresa Giudice

and Giuseppe Giudice (the "Debtors") (collectively, the "Defendants"), does hereby say:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sec. 157 and 1334(b).

2.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sec. 157)b)(2)(I).

3.    Venue of this adversary proceeding is proper pursuant to 28 U.S.C. Sec. 1409(a).

## NATURE OF THE ACTION

4.    This is an adversary proceeding to determine the dischargeabilty of debt under 28 U.S.C. Sections 523(a)(2)(A); 523(a)(2(B); 523(a)(3)(B)(4); 523(a)(2)(6); 523(a)(2)(4); and 523(a)(2)(B).

## PARTIES

5.    Plaintiff, Joseph Mastropole, was in business with and/or had business relationship with the Debtors, Teresa and Giuseppe Giudice..

6.    The business relationships between the parties has been terminated subject to a settlement agreement which has been and remains breached by the Debtors.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.    Plaintiff, Joseph Mastropole, is a current member of 17 Webster Place Associates, L.L.C.

8.    17 Webster Place Associates, L.L.C. is a limited liability company formed under the laws of the State of New Jersey.

9.    The only other member of the 17 Webster Place Associates, L.L.C., is Defendant, Giuseppe Giudice.

10.    The current managing member of 17 Webster Place Associates, L.L.C., is Defendant, Giuseppe Giudice.

11.    On July 27, 2005, 17 Webster Place Associates, L.L.C., purchased certain real property located at 17 Webster Place, East Orange, Essex County, New Jersey. (See Attached **Exhibit "A"** copy of recorded deed).

12.    17 Webster Place, East Orange, New Jersey, has approximately 35 rental units yielding approximately $30,000.00 per month in rental income.

13.    Almost all of the residential tenants of 17 Webster Place, East Orange, New Jersey, are Section 8 housing via the State of New Jersey, and as such, the monthly rental checks are sent by mail to Defendant, specifically Giuseppe Giudice's, business address.

14.    Defendant, Giuseppe Giudice, is the only member of the company, 17 Webster Place Associates, L.L.C., responsible for collecting the rental payments and paying the mortgages.

15.    On or around May 16, 2006, Plaintiff, Joseph Mastropole, personally financed the purchase price of $586,000.00 to purchase 17 Webster Avenue Associates, L.L.C., and 6 Glenwood Avenue Associates, L.L.C., (6 Glenwood Avenue Associates, L.L.C., is another company wherein Plaintiff Mastropole and Defendant, Giuseppe Giudice, owned multi-tenant residential real estate for the purposes of collecting rent) and secured same with a recorded mortgage against both properties. (See **Exhibit "B"** and **Exhibit "C"** copy of recorded 2nd mortgages on both properties).

16.    In 2006, Defendant, Giuseppe Giudice, sued Plaintiff, Joseph Mastropole, in the Superior Court of New Jersey, Passaic County, Docket No.: C-35-07 Chancery Division, seeking an Order requiring Plaintiff Mastropole to refinance the mortgage on a property[1] located at 133 Union Avenue, Paterson, New Jersey.

17.    The matter settled by way of Stipulation of Settlement attached hereto as **Exhibit** _____ between the parties prepared by Defendants Giuseppe and Teresa Giudice's, counsel, John

---

[1] Defendant, Theresa Giudice, had title and a mortgage on said property. The title was transferred to Plaintiff but the mortgage remained in Teresa Giudice's name. The Passaic County lawsuit sought the refinance of said property to discharge the mortgage in Defendant, Theresa Giudice's, name which lawsuit was disposed of by way of stipulation of settlement.

A. Testa, Esq., of Mizzone and Testa, Esqs., and entered with the Court on June 13, 2007. (See **Exhibit "D"** filed Stipulation of Settlement).

18.    As part of the Stipulation of Settlement attached hereto as **Exhibit "B"**, Defendant Giuseppe Giudice, and his wife, Defendant, Theresa Giudice, executed a Personal Guaranty, on June 15, 2007, and agreed to pay Plaintiff Mastropole the sum of $260,000.00 plus interest, which represented the balance of the loan and mortgage owed by 17 Webster Place Associates, L.L.C. In addition thereto, Defendant Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, also guaranteed and agreed to pay all court costs, attorney's fess and collection costs associated therewith. (See **Exhibit "E"** Guaranty).

19.    Sometime thereafter, Defendant, Giuseppe Giudice, and/or 17 Webster Place Associates, L.L.C., paid Plaintiff Mastropole, the sum of $300,000.00, leaving a balance due after other various credits were given by Plaintiff Mastropole, in the amount of $260,000.00. See Stipulation of Settlement attached hereto as **Exhibit "B"**.

20.    Payment of the balance of $260,000.00, owed by Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and guaranteed by Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, was due to Plaintiff Mastropole in full no later than December 1, 2007, by way of a refinance of 17 Webster Place, East Orange, New Jersey. See Stipulation of Settlement attached hereto as **Exhibit "B"**.

21.    However, on June 14, 2007, the very next day after the Stipulation of Settlement which was entered on June 13, 2007, Defendant, Giuseppe Giudice, his wife, Defendant, Teresa Giudice, and/or others on their behalf, filed a fraudulent Discharge of said Plaintiff Mastropole's Mortgage. Said discharge was recorded on June 27, 2007. (See **Exhibit "F"** fraudulent discharge). However, such recording was not discovered by counsel for Plaintiff Mastropole until on or about July 3, 2008. Needless to say, Defendant, Giuseppe Giudice, and 17 Webster Place Associates,

L.L.C., and both guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, defaulted on the payment to Plaintiff Mastropole, and remain in default regarding said payment to date. Additionally, on or about August 7, 2008, counsel for Plaintiff Mastropole made other third party/co-debtor non-parties to this action named in the State lawsuit entitled: Joseph Mastropole v. Giuseppe Giudice, et al., filed in the Superior Court of New Jersey, Chancery Division, Bergen County, bearing Docket Number: BER-C-322-01, aware of said fraudulent discharge. (See **Exhibit "G"** correspondence to Passaic Valley Title Service, Inc., copies to Wachovia).

22.    In or around March 2008, a Motion seeking to enforce Settlement and obtain a judgment was filed by Plaintiff Mastropole against, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice.

23.    On June 2, 2008, the Honorable Margaret Mary McVeigh, P.J.Ch., entered a final Order in the matter relating to the Motion to Enforce Settlement. (See **Exhibit "H"** copy of final Order).

24.    Counsel for Plaintiff Mastropole was not given the opportunity to review the Order forwarded and subsequently filed by the Court.

25.    Upon subsequent receipt of the filed Order a request for an Order for Judgment was then filed with the Court by counsel on behalf of Plaintiff Mastropole.

26.    Defendants, Giuseppe and Teresa Giudice's, counsel, namely, John A. Testa, Esq., of Mizzone & Testa, Esqs., filed a motion opposing the entry of the final judgment being sought by Plaintiff Mastropole.

27.    On or about July 3, 2008, after the entry of Judge McVeigh's Order and approximately six (6) months after Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and guarantors Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice,

defaulted, counsel for Plaintiff Mastropole discovered for the first time that Plaintiff Mastropole's recorded 2nd mortgage, in the amount of $586,000.00, on 17 Webster Avenue, East Orange, New Jersey, had been, in fact, fraudulently discharged. (See **Exhibit "F"** copy of fraudulent discharge).

28.    Plaintiff Mastropole never executed a discharge of a mortgage on 17 Webster Avenue, East Orange, New Jersey, referenced herein as **Exhibit "F"**. The only parties who would benefit from such a discharge were Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice.

29.    As Defendants, Giuseppe and Teresa Giudice's, counsel, John A. Testa, Esq., was preparing and filing with the Court the Stipulation of Settlement addressed hereinabove, Defendant Giuseppe Giudice, his wife, Defendant, Teresa Giudice, and/or other employees/co-conspirators named in the aforesaid suit filed in Bergen County Superior Court, bearing Docket Number: BER-C-322-01, had executed the fraudulent discharge of mortgage to the detriment of Plaintiff Mastropole. Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, further employed and/or conspired with Defendant, Giuseppe and Teresa Giudice's, employees, Carolina Gomez and Mary Leslie Rodriguez, to witness and notarize the fraudulent discharge respectively. Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, then had such fraudulent discharge recorded and returned by and through, Rinzler & Rinzler, Esqs., a law firm located in New York who had a prior relationship with Defendant, Giuseppe Giudice, and whom previously performed legal work for Defendant, Giuseppe Giudice, prior to such occasion. (See Exhibit "I" fraudulent discharge).

30.    Not only did Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice,

fraudulently discharge Plaintiff Mastropole's recorded mortgage, but also refinanced 17 Webster Place, East Orange, New Jersey, on three (3) subsequent occasions with the assistance of counsel, John A. Testa, Esq., who knew or should have known that Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Theresa Giudice, were in default of the settlement agreement. In fact, John A. Testa, Esq., drafted the Stipulation of Settlement and drafted the Discharge of Mortgage[2]. Mr. Testa was aware that his clients were to make final payment so as to effectuate a refinance of 17 Webster Place, East Orange, New Jersey, was aware that Plaintiff Mastropole had a recorded second mortgage on the subject property, and he was aware that payment was due on December 1, 2007, and he was aware that Plaintiff Mastropole had not been paid since Plaintiff Mastropole's counsel were sending him letters requesting payment. However, in December 2007, Mr. Testa, as counsel for Defendants, Giuseppe and Teresa Giudice, and 17 Webster Place Associates, L.L.C., conducted a closing on the refinancing of the property and negligently and/or knowingly did not make payment to Plaintiff Mastropole in accordance with the terms of the Stipulation of Settlement. Additionally, Mr. Testa was or should have been aware that Plaintiff Mastropole had refused to execute a discharge of his second mortgage until payment was made in full. Finally, through such transaction, Passaic Valley Title Services provided title insurance to Plaintiff for clear title, and Ticor Title was the underwriter who insured the title to Plaintiff.

31.    In December 2007, during the same month that Plaintiff Mastropole's mortgage (which at that time had a balance of only approximately $260,000.00) was due to be paid in full by Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., and the guarantors, Defendant, Giuseppe Giudice, and his wife, Defendant, Teresa Giudice, Defendant, Giuseppe Giudice, and 17 Webster Place Associates, L.L.C., actually obtained a new mortgage from Wachovia

---

[2] Counsel, John A. Testa, Esq., had previously prepared the discharge of mortgage and requested that Plaintiff execute same, which was refused until such time as payment was made in full.

Bank in the amount of $2,100,000.00. It is submitted that it would have been impossible for the Wachovia mortgage to have been obtained without the Mastropole Mortgage being discharged. But for said fraudulent discharge, the Wachovia loan would not have been consummated, and the Mastropole mortgage would have remained, thereby being a priority over said Wachovia loan, entitling full payment of the Mastropole mortgage before any payments are made on the Wachovia mortgage. (See **Exhibit "I"** recorded mortgage).

32.    Plaintiff Mastropole has filed an Order to Show Cause in the aforesaid State court action filed in Bergen County, bearing Docket Number:: BER-C-322-09, seeking immediate and permanent injunctive relief against numerous Defendants inclusive of Defendants, Giuseppe and Teresa Giudice, 17 Webster Place Associates, L.L.C., John A. Testa, Esq., Mizzone and Testa, P.A., 6 Glenwood Avenue Associates, L.L.C., Carolina Gomez, Mary Leslie Rodriguez, Rinzler & Rinzler, Passaic Valley Title Services, Inc., Ticor Title, and Wachovia Bank National Association, seeking relief as follows: (1) compelling said parties to provide an accounting for all rental income tendered to Defendants, Giuseppe and Teresa Giudice, for the past twelve (12) months on 17 Webster Place East Orange, New Jersey, and 6 Glenwood Avenue, East Orange, New Jersey; (2) compelling said parties, to provide an accounting for their own personal accounts; (3) immediately freezing the accounts held by Defendants, Giuseppe and Teresa Giudice, and 17 Webster Place Associates, LLC, and by 6 Glenwood Avenue Associates, LLC; (4) appointing a rent receiver to collect the rental income on both 17 Webster Place, East Orange, New Jersey, and 6 Glenwood Avenue, East Orange, New Jersey; (5) establish the priority of the mortgages held by Plaintiff on 17 Webster Place, East Orange, New Jersey properties; (6) injunctive relief; (7) compensatory damages; (8) interest; (9) punitive damages; (10) attorney's fees; (11) constructive trust to be established upon all assets of Defendants, Giuseppe and Teresa Giudice, and 17 Webster Place Associates, L.L.C., in favor of Plaintiff Mastropole; (12) reasonable costs and expenses of litigation; and (13) such other

and further relief as the court may deem equitable and just. (See **Exhibit "J"** Filed Order to Show Cause). The Honorable Ellen J. Koblitz, P.J.Ch., of the Superior Court of New Jersey, Bergen County, has recently granted said application in the action entitled <u>Mastropole v. Giudice, et al.,</u> Bergen County, bearing Docket Number:: BER-C-322-09.

33.    Said Order to Show Cause was initially filed in the Superior Court of New Jersey, Essex County, bearing Docket Number ESX-C-214-09, which has been dismissed without prejudice for lack of prosecution on or about December 14, 2009, as per the direction of the Essex County Chancery Court, as the same Order to Show Cause has since been filed in the Superior Court of New Jersey, Bergen County, bearing Docket Number BER-C-322-09, due to the fact that this matter was previously before the Honorable Ellen L. Koblitz, J.S.C., and resulted in Order for Judgment entered by Judge Koblitz, on October 23, 2009, in favor of Plaintiff Mastropole against Defendants Giuseppe and Teresa Giudice, which was further duly recorded as a Lien on November 4, 2009. (See **Exhibit "K"** Judgment).

34.    The Order to Show Cause in the Superior Court of New Jersey, Bergen County, has been proceeding forward against all third party co-debtors who have not filed for bankruptcy protection which would subject them to the automatic stay of Section 362 of the Bankruptcy Code. Defendants, Giuseppe and Teresa Giudice, who voluntary filed a Petition for Chapter 7 relief United States Bankruptcy Code filed on or about October 29, 2009, are subject to the automatic stay under Section 362 of the United States Bankruptcy Code. (See **Exhibit "L"** Voluntary Petition). On September 17, 2009, Wachovia Bank, National Association, has filed an Amended Foreclosure Complaint in Essex County, which Complaint remains active as same is directly against 17 Webster Place Associates, L.L.C., Defendant, Giuseppe Giudice and Plaintiff, Joseph Mastropole. (See **Exhibit "M"** Wachovia Amended Complaint). Plaintiff Mastropole has filed an Answer and Third Party Complaint in response to the Essex County Foreclosure Complaint. (See **Exhibit "N"**

-9-

Answer Voluntary Petition). Relating to the Essex County Foreclosure action, on or about December 15, 2009, the Honorable Harriet Farber Klein, J.S.C., appointed a rent receiver relating to the property at 17 Webster Place, East Orange, New Jersey. (See **Exhibit "O"** Order Appointing Rent Receiver). In fact, presently pending before the Essex County Court in the Foreclosure action is a further Order to Show Cause to hold Defendant, Giuseppe Giudice, in contempt of court for direct violation of that Court's Order of December 15, 2009, for failing to comply with all terms of same and further instructing said tenants in question to disregard the Court's Order and related correspondence to said tenants from the rent receiver appointing such rent receiver and to pay all rental to no one but Defendant, Giuseppe Giudice. (See **Exhibit "P"** Order to Show Cause filed by Wachovia with correspondence of Giuseppe Giudice exhibit attached thereto).

## FIRST COUNT

### NONDISCHARGEABILTY BASED UPON FRAUD UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A); SECTION 523(a)(2)(B); and SECTION 523(a)(3)(B)(4)

35. Plaintiff, Joseph Mastropole, held a mortgage against the Debtors herein named, which mortgage was recorded on or about August 21, 2006. The Debtors herein defrauded the Plaintiff on or about June 14, 2007, wherein Defendants Giuseppe and/or Teresa Giudice, and/or others acting at their instruction and/or on their behalf executed and subsequently filed a Fraudulent Discharge of the Mortgage held by Plaintiff Mastropole, wherein the Debtors forged the Plaintiff's signature and the signature of other parties, such as the notary public and/or the witness listed on the face of said discharge. Said fraudulent Discharge of Mortgage was then subsequently recorded on or about June 27, 2007. A copy of the Discharge of Mortgage is attached hereto as **Exhibit "F"**.

36. The fraudulent discharge was witnessed by Mary Leslie Rodriguez an employee of Defendant Giudice.

37.    The fraudulent discharge was notarized by Carolina Gomez an employee of Defendant Giudice.

38.    Although the document itself was prepared by John A. Testa, Esq., of Mizzone and Testa, P.A., who had previously prepared same in anticipation that Plaintiff, Joseph Mastropole, would execute said discharge upon partial payment by Defendants, Giuseppe and Teresa Giudice, and/or 17 Webster Place Associates, L.L.C., said Debtors used the same document with the assistance of their staff and, Rinzler & Rinzler, who ultimately filed, recorded and/or received the fraudulent discharge after the forgery occurred.

39.    The fraudulent discharge allowed Defendants, Giuseppe and Teresa Giudice, and 17 Webster Place Associates, L.L.C., to refinance 17 Webster Place, East Orange, New Jersey, without having to satisfy Plaintiff Mastropole's second mortgage held on said property; and enabled Defendants, Giuseppe and Teresa Giudice, as guarantors, and 17 Webster Place Associates, L.L.C., to only payoff the existing first mortgage; and to thereby further unjustly obtain approximately over $1,000,000.00, additional funds after payment of said first mortgage, without paying off the approximately $260,000.00 due to Plaintiff, Joseph Mastropole, to the detriment of said Plaintiff.

40.    The Debtors, Giuseppe and Teresa Giudice, knowingly committed forgery, made material misrepresentations and concealed their intent to obtain the loan from Wachovia Bank, National Association, and use the proceeds for their own purposes.

41.    The Plaintiff, Joseph Mastropole, suffered damages as a direct result of the Debtors, Giuseppe and Teresa Giudice's, fraudulent actions, including but not limited to the amount of said mortgage held by the Plaintiff plus interest, the subsequent Judgment obtained by the Plaintiff through the Superior Court of New Jersey related thereto, costs and legal fess incurred in litigating the fraud, and pain and suffering.

42.    The debt owed by the Defendant Debtors, Giuseppe and Teresa Giudice, to the Plaintiff, Joseph Mastropole, is non-dischargeable under Section 523(a)(2)(A) and Section 523(a)(2)(B) and Section 523(a)(3)(B)(4) of the Bankruptcy Code.   Furthermore, Defendant, Giuseppe Giudice, admitted under oath at his 341 Meeting of Creditors, that he did in fact discharge said mortgage in favor of the Plaintiff, Joseph Mastropole, and further perjured himself by stating that he did so with the verbal consent of the Plaintiff.

WHEREFORE, Plaintiff prays that this court determine that the debt owed by the Defendant Debtors, Giuseppe Giudice and Teresa Giudice, to Plaintiff, Joseph Mastropole, is nondischargeable under Section 523(a)(2)(A) and Section 523(a)(2)(B) and Section 523(a)(3)(B)(4) of the Bankruptcy Code; that said Plaintiff have judgment against said Debtors for the amount by which said Debtors improperly and fraudulently discharged Plaintiff's mortgage with interest, and as further set forth in said Plaintiff's Judgment/Lien; and that said Plaintiff have such other relief as is just and fair, including reasonable costs and attorney's fees.

## SECOND COUNT

## NONDISCHARGEABILTY BASED UPON WILLFUL AND MALICIOUS INJURY

43.    Plaintiff repeats and re-alleges all of the allegations of paragraphs 1 through 42 of the within Complaint as though set forth herein verbatim.

44.    The Debtors, Giuseppe and Teresa Giudice, acted with willful and malicious intent by forging the signatures of Plaintiff, Joseph Mastropole, and/or the signatures of other parties, such as the notary public and/or the witness listed on the face of said fraudulent discharge, in order to obtain by false pretenses and misrepresentations a loan from Wachovia Bank without having first satisfied the mortgage held in favor of the Plaintiff, Joseph Mastropole, against the Debtors herein.

45.    The Defendants, Giuseppe and Teresa Giudice, willfully and maliciously forged the signatures of Plaintiff, Joseph Mastropole, and/or the signatures of other parties, such as the notary

public and/or the witness listed on the face of said fraudulent discharge, and obtained by false pretenses and misrepresentations a loan from Wachovia Bank without having first satisfied the mortgage held in favor of the Plaintiff, Joseph Mastropole, against the Debtors herein, thereby damaging the Plaintiff.

46.    As indicated in **Exhibit K** (Judgment) hereinabove, a Judgment dated October 23, 2009, was entered by the Superior Court of New Jersey in favor of the Plaintiff against the Debtors relating to the fraudulent actions set forth herein on behalf of said Debtors.

47.    The Defendants, Giuseppe and Teresa Giudice, knowingly acted in a willful and malicious manner in forging the signatures of Plaintiff, Joseph Mastropole, and/or the signatures of other parties, such as the notary public and/or the witness listed on the face of said fraudulent discharge, in obtaining by false pretenses and misrepresentations a loan from Wachovia Bank without having first satisfied the mortgage held in favor of the Plaintiff, Joseph Mastropole, against the Debtors herein.

48.    The debt owed by the Defendant Debtors, Giuseppe Giudice and Teresa Giudice, to the Plaintiff, Joseph Mastropole, is non-dischargeable under Section 523(a)(2)(A) and Section 523(a)(3)(B)(4) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff prays that this court determine that the debt owed by the Defendant Debtors, Giuseppe Giudice and Teresa Giudice, to Plaintiff, Joseph Mastropole, is nondischargeable under Section 523(a)(2)(A) and Section 523(a)(3)(B)(4) of the Bankruptcy Code; that said Plaintiff have judgment against said Debtors for the amount by which said Debtors improperly and fraudulently discharged Plaintiff's mortgage with interest and as further set forth in said Plaintiff's Judgment/Lien; and that said Plaintiff have such other relief as is just and fair, including reasonable costs and attorney's fees.

## THIRD COUNT

### NON-DISCHARGEABILITY BASED UPON FRAUD UNDER
### SECTION 523(a)(2)(6) and 523(a)(2)(4)

49.     Plaintiff repeats and re-alleges all of the allegations of paragraphs 1 through 48 of the within Complaint as though set forth herein verbatim.

50.     Debtors, Giuseppe and Teresa Giudice, caused willful and malicious injuries to Plaintiff, Joseph Mastropole, by defrauding said Plaintiff thereby causing said Plaintiff damages.

**WHEREFORE**, Plaintiff prays that this court determine that the debt owed by the Defendant Debtors, Giuseppe Giudice and Teresa Giudice, to Plaintiff, Joseph Mastropole, is nondischargeable under Section 523(a)(2)(6) and Section 523(a)(2)(4) of the Bankruptcy Code; that said Plaintiff have judgment against said Debtors for the amount by which said Debtors improperly and fraudulently discharged Plaintiff's mortgage with interest and as further set forth in said Plaintiff's Judgment/Lien; and that said Plaintiff have such other relief as is just and fair, including reasonable costs and attorney's fees.

## FOURTH COUNT

### NON DISCHARGEABILTY BASED UPON DEBTORS FRAUD
### UNDER SECTION 523(a)(2)(B)

51.     Plaintiff repeats and re-alleges all of the allegations of paragraphs 1 through 50 of the within Complaint as though set forth herein verbatim.

52.     Debtors, Giuseppe and Teresa Giudice's, false pretenses, representations or actual/material fraud, with intent to defraud and deceive the Plaintiff, Joseph Mastreopole, has damaged the Plaintiff.

**WHEREFORE**, Plaintiff prays that this court determine that the debt owed by the Defendant Debtors, Giuseppe Giudice and Teresa Giudice, to Plaintiff, Joseph Mastropole, is

nondischargeable under Section 523(a)(2)(B) of the Bankruptcy Code; that said Plaintiff have

judgment against said Debtors for the amount by which said Debtors improperly and fraudulently

discharged Plaintiff's mortgage with interest and as further set forth in said Plaintiff's

Judgment/Lien; and that said Plaintiff have such other relief as is just and fair, including reasonable

costs and attorney's fees.

<div style="margin-left:40%">

SARACINO & SARACINO, L.L.C.
Attorneys for Plaintiff, Joseph Mastropole

By:    /s/ William C. Saracino
       WILLIAM C. SARACINO, ESQ.

</div>

DATED: January 28, 2010

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify to the best of my knowledge, information and

belief that the matter in controversy is the subject of other actions or proceedings, now pending as

follows: (1) Order to Show Cause filed in the Superior Court of New Jersey, Essex Vicinage, bearing

Docket Number ESX-C-214-09, which has been dismissed without prejudice for lack of prosecution

on or about December 14, 2009; (2) Order to Show Cause filed in the Superior Court of New Jersey,

Bergen County, bearing Docket Number BER-C-322-09; and (3) Foreclosure Complaint filed in

Essex County, bearing Docket Number ESX-F-41676-09.

<div style="margin-left:40%">

SARACINO & SARACINO, L.L.C.
Attorneys for Plaintiff, Joseph Mastropole

By:    /s/ William C. Saracino
       WILLIAM C. SARACINO, ESQ.

</div>

DATED: January 28, 2010